Tanja L. Darrow, Bar No. 175502
tdarrow@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, California 90071
Telephone: 213.443.4300
Fax No.: 213.443.4299

Devon S. Mills
dsmills@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, California 90067.3107
Telephone: 310.553.0308
Fax No.: 310.553.5583

Attorneys for Defendants
GNC HOLDINGS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ADAMS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GNC HOLDINGS, LLC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:22-cv-651<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446**<br><br>Complaint filed: January 6, 2022 (originally filed in San Bernardino County Superior Court) |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

4863-4024-0668.2 / 109526-1000

TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant GNC HOLDINGS, LLC ("GNC") hereby removes the above-entitled action, *Mario Adams v. GNC Holdings, LLC*, Case No. CIV SB 2200406, from the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California.

This notice is based on 28 U.S.C. Sections 1332, 1441 and 1446.

GNC makes the following allegations in support of its Notice of Removal:

## I.   JURISDICTION [LOCAL RULE 8-1]

1. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one that may be removed by this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.  28 U.S.C. §§ 1332, 1441(a), 1446(b).

**A.   Jurisdiction Under 28 U.S.C. § 1332(a)**

1. The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332(a)(1).  This civil action satisfies both requirements.

**(1)   Citizens of Different States**

2. This civil action is between citizens of different states.

3. In his Complaint, Plaintiff admits to being a resident of the State of California, County of San Bernardino. (Declaration of Devon S. Mills ["Mills Decl."] ¶ 2; Ex A Complaint ("Compl.") ¶ 1.)

4. For diversity jurisdiction purposes, an LLC is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Properties Anchorage*,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

1.

4863-4024-0668.2 / 109526-1000

*LP*, 437 F.3d 894, 899 (9th Cir. 2006)  GNC was, at the time of the filing of the state court action, and remains, a wholly owned subsidiary of ZT Biopharmaceutical LLC. (Declaration of Chad Glasser ("Glasser Decl.") ¶ 2)  ZT Biopharmaceutical LLC is an entity incorporated and organized under the laws of the State of Delaware. *Id*.  GNC, therefore, is considered a citizen of the State of Delaware for the purpose of determining diversity of citizenship.

5. For purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded.  28 U.S.C. § 1441(a); Newcombe v. Adolf Coors Co., 157 F.3d 686, 690-91 (9th Cir. 1998).  Thus, the citizenship of fictitious defendants "Does 1 through 100, inclusive" shall be disregarded.

6. GNC is not a citizen of California.  *See* 28 U.S.C. § 1441(b) (civil actions not arising under the laws of the United States shall be removable only if defendants are not citizens of the State in which the action is brought).

7. Thus, this action is removable as the complete diversity exists between Plaintiff and Defendant.

**(2)   Amount in Controversy**

8. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

9. While Plaintiff's Complaint does not specify the amount that he seeks to recover from Defendant in this action, it does state the amount in controversy exceeds $25,000. (*See* Compl. ¶ 8).  Where removal is based on diversity of citizenship and the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. § 1446(c)(2), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).  Here, the Complaint does not indicate a total amount of damages claimed; consequently, GNC only needs to show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

4863-4024-0668.2 / 109526-1000

1  claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 862 (9th Cir. 1996).

10. In measuring the amount in controversy, the Court must assume that the allegations of the complaint are true and that a jury will return a verdict in favor of the plaintiff on all claims asserted in his complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount that is put "in controversy" by the plaintiff's complaint, and not how much, if anything, the defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005). In determining the amount in controversy, the Court may consider damages awards in similar cases. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

11. Here, Plaintiff's Complaint alleges two main claims of race discrimination and sexual harassment. (*See* Compl.) Although GNC denies the validity and merit of Plaintiff's claims and the underlying allegations, and further denies that Plaintiff is entitled to any relief, Plaintiff's allegations establish an amount in controversy in excess of the jurisdictional minimum of $75,000, exclusive of interest and costs, as set forth below:

12. Plaintiff alleges he has suffered "actual, consequential and incidental financial losses, including without limitation, **loss of salary and benefits**, and the intangible loss of employment related opportunities in his field and damage to his professional reputation" See Compl. ¶¶ 26, 35, 44. Plaintiff had an annual salary of $162,052.50. (Glasser Decl. ¶ 3). Given that Plaintiff alleges the misconduct alleged in the complaint began in 2018, Plaintiff's lost salary and benefits could range as high as approximately $648,210.00.

13. Moreover, if the case proceeds to trial by the end of March 2023— approximately one year from when GNC was served with the Complaint—the amount in controversy on could rise as much as $162,052.50 more (approximately one full year of plaintiff's salary) or roughly **$810,262.5 in total** ($162,052.50 + $648,210.00

LITTLER MENDELSON
A Professional Corporation
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

3.

4863-4024-0668.2 / 109526-1000

). *See James v. Childtime Childcare, Inc.*, No. S-06-2676, 2007 WL 1589543, *2 n.1 (E.D. Cal., June 1, 2007) ("The court evaluates the amount in controversy at the time of removal, but it may consider both past and future lost wages.").

14. Finally, front pay awards in California frequently span a number of years. *See Rabaga-Alvarez v. Dart Indus., Inc.*, 55 Cal. App. 3d 91, 97 (1976) (four years); *Drzewiecki v. H&R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years). Even conservatively estimating that Plaintiff seeks front pay benefits for only the three years after trial, the amount of future wages in controversy in this case could total at least an additional **$486,157.50** ($162,052.50 per year x 3 years). Thus, if this case goes to trial in March 2023, it may reasonably be estimated that Plaintiff's claims of back pay and front pay alone could total an estimated **$1,296,420.00.**

15. In addition, plaintiff was entitled to annual bonuses. (Glasser Decl. ¶ 3). For example, he received bonus payouts in the amount of $25,000 and $23,205.26 for his 2021 performance. *Id*.

16. Plaintiff also alleges emotional distress and punitive damages. (Compl. ¶¶ 27, 36, 45, Prayer for Relief ¶ 9.) Plaintiff's potential recovery of such damages further augments the foregoing amounts and demonstrates that the jurisdictional prerequisite for removal of this action is met. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (holding that emotional distress damages are included in determining amount in controversy). These categories of damages must be considered when calculating the amount in controversy even if no such damages are clearly pled in the complaint. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002); *Coleman v. Assurant, Inc.*, 463 F. Supp. 2d 1164, 1168 (D. Nev. 2006) ("It is well established that punitive damages are part of the amount in controversy in a civil action.") (citing *Gibson*, 261 F. 3d at 945); *Richmond v. All State Ins.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (general and special damages included in the amount in controversy).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

4.

4863-4024-0668.2 / 109526-1000

17. Although Defendant disputes that Plaintiff is entitled to any such award, plaintiffs in employment cases have been awarded substantial sums for emotional distress. *See, e.g., Flores v. Office Depot Inc.*, BC556173, 2017 WL 773850 (Cal. Super. Feb. 6, 2017) (awarding $1.064 million in pain and suffering damages); *Gardenhire v. Hous. Auth. of Los Angeles*, 85 Cal. App. 4th 236, 240-241 (2002) (affirming judgment, including jury award of $1.3 million in emotional distress damages for wrongful termination in violation of public policy claim).

18. Likewise, plaintiffs in employment cases have been awarded substantial punitive damages. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002). California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994). Indeed, punitive damage awards have equaled as much as four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003).

19. Lastly, Plaintiff seeks attorneys' fees. Attorneys' fees that are potentially recoverable by statute also are included in determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). In actions brought under the FEHA, the court, in its discretion, may award to the prevailing party reasonable attorneys' fees. CAL. GOV'T CODE § 12965(b).

20. Any estimate of attorneys' fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Id.* "Recent estimates for the number of hours expended through trial for employment cases in [the Central District of California] have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in [an employment discrimination case] may **reasonably be expected to equal at least $30,000** (100 hours x $300 per hour)." *Sasso v. Noble Utah Long Beach, LLC*, No. CV14-09154-AB(AJWx), 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015) (emphasis added). Thus, Plaintiff's demand for attorneys' fees adds, at minimum, **$30,000** to the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.3000

5.

4863-4024-0668.2 / 109526-1000

amount in controversy, which is a very conservative estimate. *See e.g.*, *Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (upholding an award of attorneys' fees under the FEHA for $971,684); *Dwyer v. Crocker Nat'l Bank*, 194 Cal. App. 3d 1418 (1987) (upholding award of $75,258 in attorneys' fees under the FEHA); *Zissu v. Bear, Stearns & Co.*, 805 F.2d 75 (1986) (upholding $550,000 in attorneys' fees awarded under the FEHA); *Begazo v Passages Silver Strand L.L.C.*, JVR No. 1706020057 (Cal. Super. 2017) (court awarding $375,568 in attorneys' fees in FEHA action).

21. In sum, although Defendant does not concede Plaintiff's claims have any merit, when the relief sought by Plaintiff is taken as a whole, the amount in controversy for Plaintiff's claims significantly exceeds the $75,000 jurisdictional threshold. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## II.  VENUE

22. This action is properly removed to the United States District Court for the Central District of California, Eastern Division. The action was filed in the Superior Court of the State of California, County of San Bernardino. 28 U.S.C. § 1441(a) (action may be removed to the district court and division embracing the place where action was pending).

23. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(3), 1391 and 1446.

## III.  PLEADINGS, PROCESS AND ORDERS

24. Plaintiffs commenced this action on or about January 6, 2022, by filing a complaint in the Superior Court for the County of San Bernardino entitled *Mario Adams v. GNC Holdings, LLC*, Case No. CIV SB 2200406. See Mills Decl. ¶ 2.

25. The Complaint was served on GNC's agent for service on or about March 15. 2022, along with the Summons, Civil Case Cover Sheet; Certificate of Assignment, and Initial Trial Setting Conference Statement. See Mills Decl. ¶ 3

6.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2050 Main Street
Suite 900
Irvine, CA  92614
949.705.3000

4863-4024-0668.2 / 109526-1000

26. GNC filed its Answer to the Complaint (the "Answer") on April 13, 2022. See Mills Decl. ¶ 5. Ex. C.

27. Pursuant to 28 U.S.C. Section 1446(d), the attached exhibits constitute all process, pleadings and orders served upon GNC or filed or received in this action by GNC.

## IV. TIMELINESS OF REMOVAL

28. Plaintiff served the Summons and Complaint to GNC on March 15, 2022.

29. Pursuant to 28 U.S.C. Section 1446, subdivision (b), this Notice of Removal is therefore timely as it is filed within thirty (30) days after GNC was effectively served with the Summons and Complaint and within one year after commencement of this action.

## V. NOTICE TO STATE COURT AND PLAINTIFFS

30. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiffs' attorneys of record, Joseph Lovretovich, Esq., Eric Gruzen, Esq., Shahla Jalil-Valles, Esq. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the State of California for the County of San Bernardino.

WHEREFORE, having provided notice as is required by law, the above-entitled action should hereby be removed from the Superior Court of the State of California for the County of San Bernardino to this Court.

Dated: April 14, 2022

LITTLER MENDELSON P.C.

_____
Tanja L. Darrow
Devon S. Mills

Attorneys for Defendant
GNC HOLDINGS, LLC.